782 So.2d 928 (2001)
V.T., Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1464.
District Court of Appeal of Florida, Second District.
March 23, 2001.
*929 James Marion Moorman, Public Defender, Bartow, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
V.T. challenges the circuit court's order adjudicating him delinquent and committing him to the Department of Juvenile Justice (DJJ) for robbery and resisting an officer without violence. We affirm without comment the court's finding that V.T. committed a delinquent act. However, because the trial court erred by not making the proper statutorily required findings and by entering only one commitment order for both offenses, we reverse V.T.'s adjudicated commitment order and remand for entry of appropriate orders containing proper findings.
Under section 985.23(3)(a), Florida Statutes (1999), a trial court is required to make "specific finding[s] of the reasons for the decision to adjudicate and to commit" a juvenile. See also H.L.L. v. State, 595 So.2d 223 (Fla. 2d DCA 1992). The trial court here made no oral findings at the time of sentencing, and the written commitment order merely states that V.T. was found guilty of counts one and two. Furthermore, the trial court erred by entering only one commitment order for both offenses. P.J.C. v. State, 730 So.2d 791 (Fla. 2d DCA 1999).
Although the State acknowledges these errors, it argues V.T. did not preserve them for appeal. However, a sentence that patently fails to comport with statutory limitations is "illegal" and must be corrected as fundamental error. Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999).
Affirmed in part, reversed in part, and remanded.
WHATLEY, A.C.J., and GREEN, J., concur.